## A. D. DUNAHAY *v.* ARKANSAS EMPLOYMENT SECURITY DIVISION, DEPARTMENT OF LABOR, CHARLES DANIELS, DIRECTOR

78-283                                              578 S.W. 2d 575

Opinion delivered April 2, 1979
(Division II)

*David Hodges,* for appellant.

*Thelma M. Lorenzo,* for appellee.

DARRELL HICKMAN, Justice. The Circuit Court of Jackson County dismissed A. D. Dunahay's suit against Charles Daniels, Director of the Department of Labor, Arkansas Employment Security Division, because the suit was brought in Jackson County and not in Pulaski County.

Dunahay appeals and alleges three errors: venue, or the place, for such a suit in Jackson County; if not, the appellee waived the right to object to venue; and, in any event, the suit should have been transferred to Pulaski County rather than dismissed.

All of these arguments are without merit.

Dunahay, a resident of Jackson County, was determined to be an "employer" as defined by the Employment Security Act, Ark. Stat. Ann., Title 81, Chapter 11 (Repl. 1976). His attorney filed a complaint for review of this decision in the Jackson County Circuit Court. The appellee moved to dismiss the action because of the lack of venue, citing Ark. Stat. Ann. § 81-1114 (b)(2) as requiring such suits to be brought in Pulaski County. The trial judge properly granted the motion for the statute is clear. It reads:

> . . . A review of the determination made by the Commissioner or the Board of Review may be had by filing in the Circuit Court of Pulaski County a petition for review within fifteen (15) days after said determination becomes final. . . .

Dunahay argues that, regardless of the statute, the appellee waived the right to object to venue because a lawyer for the appellee agreed to accept service in the case and did not inform the appellant's attorney that venue for such a case was only in Pulaski County.[1] It is undisputed that an attorney for the appellee agreed to accept service but it is also undisputed that appellee did not expressly waive the right to object to venue. In fact, according to the record, nothing was said by the appellee's attorney about venue.

Finally, Dunahay argues that the case should have been transferred to Pulaski County rather than dismissed. There is no present statutory authority for a circuit court to transfer a case to another county solely because it is filed in the wrong county.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.

---

[1]One who is a "claimant", as opposed to one who is an "employer", may petition for review of a decision in either Pulaski County or the county of the claimant's residence. Ark. Stat. Ann. § 81-1107 (d)(7).